UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Perry Francis

    Petitioner

GLEESON, J.

CIVIL NO. # _____

CV 04 5288

CIVIL ACTION

vs.

BLOOM, M.J

WARDEN - MICHAEL A. ZENK,
METROPOLITAN DETENTION CENTER
BROOKLYN, NEW YORK: MR. M.E.
RAY - REGIONAL DIRECTOR OF
NORTHEAST REGIONAL OFFICE;
DEPARTMENT OF JUSTICE OFFICE
OF LEGAL COUNSEL TO THE UNITED
STATES DEPUTY ATTORNEY GENERAL.

    Defendant(s)

APPLICATION FOR HABEAS CORPUS
RELIEF PURSUANT 28 U.S.C. §2241(a)

RECEIVED
DEC 0 2 2004
PRO SE OFFICE

=====================================================

### I. COMPLAINT

1. The petitioner, Perry Francis, pro se, in this herein submitted complaint states as follows:

### II. PARTIES, JURISDICTION & VENUE

2. Petitioner, Perry Francis, pro se, is confined in the Metropolitan Detention Center located in Brooklyn, New York 11232. Petitioner is scheduled for release on April 16, 2005. Petitioner is and was at all times mentioned herein, an adult citizen of the United States and a resident of the State of New York.

3. Petitioner was sentenced on June 03, 2004 in the Northern District of New York to a term of 12 months (1day) months. The petitioner begins his petition now because if granted the six month Community Correction Center his ten percent date would be October 16, 2004. Therefore, petitioner now iniates the filing process.

(1)

3. Defendant, Michael A. Zenk was at all relevant times herein mentioned the Warden at M.D.C., Brooklyn, New York 11232. As Warden defendant manages its day-to-day operations and executes its policies.

4. Defendant, M.E. Ray, was at all relevant times herein mentioned the Regional Director at the Northeast Regional Office, located at U.S. Customs House, 7th Floor - 2nd and Chestnut Streets, Philadelphia, PA. 19106. Defendant is the overseer of all Feeral Institutions in the Northeast Region.

5. Defendant, Department of Justice Office of Legal Counsel to the United States Deputy Attorney General, was at all relevant times herein mentioned the legal counsel for the federal Bureau of Prisons. As such defendant interprets and oversees enforcement of regulations, policy statements, and the Code of Federal Regulations. (C.F.R.)

### III. JURISDICTION

6. Petitioner,                      , is in custody under or by color of the authority of the United States, for an act done or omitted in pursuance of an act of Congress, or an order, process, judgment or decree of a Court or Judge of the United States District Court. The petitioner's jurisdiction is invoked pursuant to 28 U.S.C. §2241 Petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Pursuant to 28 U.S.C. 1361 - District Courts have original jurisdiction of any action in the nature of Mandamus to compel an officer or employee of the United States or any Agency thereof to perform a duty owed to the petitioner.

### IV. VENUE

7. Pursuant to 28 U.S.C. 1391(e),(1),(2),(3), venue is founded because such is the "Judicial District" where the (a) defendant(s) resides, and (b) the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and (c) the judicial district in which the defendant(s) may be found, and the petitioner resides.

8. Petitioner's claim for injunctive relief is authorized by 28 U.S.C. Sections §2283 and §2284 and Rule 65 of the Federal Rules of Civil Procedure.

9. This cause of action arose in the Eastern District of New York. Therefore, venue is proper under 28 U.S.C. Section §1391(b).

## "LEGAL ARGUMENTS RAISED"

(A) Violation of the Administrative Procedure Act's (APA) Notice And Comment Procedural Prerequisites Renders The Bureau Of prisons Adoption Of Such "New Rule" Invalid And Unenforceable By Law, Because Such Violates The Due Process Clause To The United States Constitution And 5 U.S.C. §551 et seq.

(B) The Ex Post Facto Clause Forbids Retroactive Application Of The Bureau Of Prisons Policy Change To Prisoners Whose Offense Conduct Predated The Change Based On Protections Under The Due Process Clause Of The United States Constitution.

(C) Bureau Of Prisons Reinterpretation Of 18 U.S.C. §3624(c) Limiting Each Prisoners Community Correction Center Placement To Ten Percent Of The Term Imposed By The Sentencing Court Is An Incorrect Interpretation Of The Law, And Violation Of The Due Process Clause To The United States Constitution.

(D) Bureau Of Prisons "New Policy" And Reinterpretation Of Federal Statute 18 U.S.C. §3621, Limiting The Bureau Of Prisons Discretion To Place Offenders Whereever It Deems Appropriate Is Unconstitutional And Unlawful In Violation Of The Constitution Under Due Process Clause And Ex Post Facto Laws.

(E) Prison Litigation Reform Act's (PLRA) Exhaustion Requirement Does Not Apply To Prisoner's Habeas Petition Which Challenges Bureau Of Prisons Policy, Concerning Manner, Location, Or Conditions Of Sentence's Execution, Not Conditions Of Confinement.

### PRAYER FOR RELIEF

Petitioner, Penny Francis, Pro Se, requests an order declaring that the defendant(s) have acted in violation of the United States Constitution.

(3)

Case 1:04-cv-05288-JG-LB   Document 1   Filed 12/02/04   Page 4 of 4 PageID #: 4

Petitioner requests an injunction compelling defendant(s) to provide him review and reconsideration for Community Correction Center under the policy and practice which was in effect prior to the unlawful change that was ordered and iniated on and after December 25, 2002, as relates to 18 U.S.C. §3624(c), and that such review and reconsideration "shall" be conducted within (30) Thirty Days after issuance of this Order.

Petitioner requests an order declaring that defendant(s) have acted in violation of the Administrative Procedure Act's Notice and Comment procedural prerequisites, and therefore, enforcement of the "new policy" change iniated on and after December 25, 2002, is unlawful and invalid pursuant to 5 U.S.C.A. §553, which violates the petitioner's rights to due process of law under the U.S. Constitution.

Petitioner, Perrey Francis, asks that upon the Court finding the above and herein constitutional violations have been committed by the defendant(s), that the Court issue and Order that petitioner is to be granted the full six months Community Correction Center placement in accordance with the correct interpretation of the law as existed prior to December 25, 2002.

Respectfully Submitted,

_____
Perrey Francis
Registration Number # 91395-074
Metropolitan Detention Center
Post Office Box - 329002
Brooklyn, New York 11232

Dated: November 28th /2004

(4)